**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| KYNDRYL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION and DXC TECHNOLOGY COMPANY,<br><br>Defendants. | Civil Action No.: 1:25-cv-13943-FDS |

**STIPULATION AND AGREED ORDER FOR THE EXCHANGE AND PRODUCTION OF CONFIDENTIAL INFORMATION**

Upon consideration of Kyndryl, Inc., Computer Sciences Corporation, and DXC Technology Company's (each individually a "Party," and collectively the "Parties") stipulation and agreed order for the exchange and production of confidential information ("Protective Order"),

It is hereby ORDERED that:

1. This Protective Order is being entered to facilitate the production, exchange, and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential — Attorney's Eyes Only" either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Highly Confidential — Attorney's Eyes-Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive, or proprietary nature that present disclosure to persons other than those identified in Paragraph 5.1 below would reasonably be expected to cause harm or impair the legitimate competitive position or interests of the Producing Party, or, as appropriate, non-party or any of that Party's or non-party's affiliates or current or former principals, customers, or clients. All copies of, summaries of, and information derived from "Highly Confidential — Attorney's Eyes-Only Information" are "Highly Confidential — Attorney's Eyes-Only Information." A designation of Confidential Information as Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

(c) "Producing Party" shall mean the Parties to this action and any non-parties producing "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" in connection with depositions, document production, or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(d) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" in connection with depositions, document production, subpoenas, or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information." If the Producing Party does not agree to declassify such document or material within 7 business days of the written request, and after complying with the meet and confer obligations under Local Rule 37.1, the Receiving Party may move the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information." If such motion is filed, the documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information."

5. Except with the prior written consent of the Producing Party or by Order of the Court, "Confidential Information" shall not be furnished, shown, or disclosed to any person or entity except to:

(a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such "Confidential Information" is furnished, shown, or disclosed in accordance with Paragraph 7 hereof;

(d) persons or firms retained by any Party for the purpose of producing graphic or visual aids or for conducting research (e.g., focus groups, mock jurors) or assisting in trial preparation or jury selection, if such "Confidential Information" is furnished, shown, or disclosed in accordance with Paragraph 7 hereof;

(e) the Court and court personnel, if filed in accordance with Paragraph 13 hereof;

(f) an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer; and

(g) trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraphs 9 and 10, respectively, hereof.

5.1 Except with the prior written consent of the Producing Party or by Order of the Court, "Highly Confidential — Attorney's Eyes-Only Information" shall not be furnished, shown,

or disclosed to any person or entity except to those identified in Paragraphs 5(b)–5(g), in-house counsel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein, or other in-house counsel to whom such counsel report, and who have been advised of their obligations hereunder, or a person who previously received such "Highly Confidential — Attorney's Eyes-Only Information."

6. "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information or "Highly Confidential — Attorney's Eyes-Only Information" is made to an expert witness, consultant, or person or firm retained to produce graphic or visual aids pursuant to Paragraphs 5(c) and 5(d), respectively, thereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness, consultant, or person or firm retained to produce graphic or visual aids a copy of this Protective Order and obtain the expert's, consultant's, person's, or firm's (as set forth herein) written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert, consultant, or person or firm retained to produce graphic or visual aids or for conducting research or assisting in trial preparation or jury selection who is not expected to be called as a witness at trial is not required to be supplied. Information shall be provided to experts and consultants under this paragraph only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this litigation.

8. Unless otherwise designated during the deposition, all depositions shall presumptively be treated as "Highly Confidential — Attorney's Eyes-Only Information" and subject to this Protective Order during the deposition and for a period of 15 business days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such 15 business-day period, the deposition shall be classified appropriately; provided that, if any Party inadvertently fails to designate a deposition transcript within the specified period, that Party may designate it by written notice to counsel for the other Parties within a reasonable time after discovering that the deposition transcript was not properly designated.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party shall endeavor to notify all other Parties and the Producing Party (if a non-party) at least 5 business days in advance of such hearing or trial, and counsel shall confer in good faith on procedures that may be necessary or advisable to protect the confidentiality of any such information. Should the Parties disagree as to the procedures necessary or advisable to protect the confidentiality of any such information, the Party, or non-party, may disclose "Confidential Information" or "Highly Confidential Information – Attorney's Eyes-Only Information" during any hearing or trial before the Court, only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information."

10. This Protective Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" under

the terms hereof. Any deposition witness who is given access to "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" shall, prior thereto, be provided with a copy of this Protective Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Protective Order, a witness refuses to execute the agreement to be bound by this Protective Order, the Court shall, upon application, enter an order directing the witness's compliance with the Protective Order. Should any Documents or Testimony designated "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" be used during any deposition in this action, any person who has not been designated to access those Documents and Testimony, and is not the witness, the witness's counsel, the reporter, or the videographer, must leave the deposition, whether it be in-person or remote, during the portion of that deposition when the Documents or Testimony are in use.

11. A Party may designate as "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" subject to this Protective Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.

12. The Parties recognize that discovery of a third-party may involve receipt of that party's confidential information. Accordingly, a third party may designate confidential information produced by it "Confidential" or "Highly Confidential — Attorney's Eyes-Only" pursuant to the terms of this Protective Order and is subject to all applicable provisions of this Protective Order with respect to any material so designated (hereinafter "Third Party Confidential Information").

13. The following provisions apply to Court filings:

(a) A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents that have previously been designated as comprising or containing "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information," or (ii) any pleading, brief or memorandum that reproduces, paraphrases or discloses "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" shall file the document, pleading, brief, or memorandum on the CM/ECF system in redacted form until the Court renders a decision on any motion to seal or impound (the "Redacted Filing"). If the Producing Party fails to move to seal within 7 business days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(b) In the event that the Party's (or, as appropriate, non-party's) filing includes "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within 1 business day after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" unredacted.

(c) If the Producing Party makes a timely motion to seal or impound, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents in this Court. If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, non-party)

making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(d) Any Party filing a Redacted Filing in accordance with the procedure set forth in this Paragraph 13 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e) All pleadings, briefs, or memoranda that reproduce, paraphrase, or disclose any materials that have previously been designated by a party as comprising or containing "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" shall identify such documents by the production number ascribed to them at the time of production.

14. Any person receiving "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" so as to prevent unauthorized disclosure.

15. Any document or information that may contain "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" that has been inadvertently produced without identification as to its "confidential" nature as provided in Paragraphs 2 and/or 11 of this Protective Order, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Highly Confidential — Attorney's Eyes-Only Information" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. No Party or Receiving Party shall upload, submit, transmit, or otherwise expose any "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" produced by another Party (including metadata, notes, summaries, work product, or other material derived from or reflecting such information) to any publicly available or consumer-facing artificial intelligence ("AI") tool or large language model ("LLM") ("Public LLM"). For purposes of this provision, a "Public LLM" means any system that: (i) makes such information accessible to the general public or a broad, undefined user base; or (ii) uses submitted inputs to train, retrain, fine-tune, or otherwise improve the model, whether directly or indirectly. For the avoidance of doubt, "AI" or "LLM" does not include technology-assisted review ("TAR"), predictive coding, continuous active learning, or other analytics deployed within a secured litigation-support or e-discovery environment that does not transmit inputs to any third party to train or improve a model. Any AI or LLM tool used in connection with "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" produced by another Party must operate in a closed, private, and secure environment in which such information is not accessible to the general public or a broad, undefined user base or shared with any person not entitled to receive it under Paragraphs 5 or 5.1 (other than pursuant to a law enforcement investigation) and is not used to train or improve any AI model. In addition, no AI or LLM tool or platform may be used in connection with "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" unless such tool or platform affords the Receiving Party (and any person or entity to whom the Receiving Party is authorized by this Protective Order to provide information) the ability to remove or delete all such information upon request. No other AI or LLM tool or platform may be used in connection with such information without prior written disclosure to, and the written consent of, the Producing Party. Any AI or LLM output derived from "Confidential Information" or "Highly Confidential

— Attorney's Eyes-Only Information" shall be treated with the same level of confidentiality as the information from which it was derived, shall be subject to all terms of this Protective Order, and shall be used solely for purposes of this litigation. The Receiving Party shall not rate, report, or otherwise submit such information, or any session containing it, to a provider as feedback.

17. In the event that any Receiving Party, or any person to whom such Party has disclosed "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" in accordance with this Protective Order, discovers any actual or reasonably suspected breach of security, or any unauthorized access to, acquisition of, use of, or disclosure of "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" produced by another Party, including any inadvertent disclosure to a person not entitled to receive such information under Paragraphs 5 or 5.1 (a "Data Breach"), that Party shall: (a) immediately upon discovery take all reasonable steps to contain, mitigate, and remediate the Data Breach, to prevent any further unauthorized access or disclosure, and to retrieve any information that has been improperly shared, accessed, acquired, or otherwise disclosed; (b) provide written notice to counsel for the Producing Party as soon as practicable and without unreasonable delay (except as required by law), and in no event more than 5 business days after discovery of the Data Breach, describing the nature and scope of the Data Breach, the information affected, and the remedial measures taken or to be taken; and (c) cooperate in good faith with the Producing Party to investigate, address, and remedy the Data Breach. The affected Party shall preserve all records relating to the Data Breach and promptly supplement its notice as additional information becomes available.

18. Extracts and summaries of "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" shall also be treated with the same level of confidentiality as the designated information from which it was derived.

19. The production or disclosure of "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Protective Order shall operate as an admission by any Party or non-party that any particular document or information is, or is not, "Confidential" or "Highly Confidential — Attorney's Eyes Only." Failure to challenge a "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" designation shall not preclude a subsequent challenge thereto.

20. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, communications, or information—whether inadvertent or otherwise—in this action shall not constitute a waiver of any applicable privilege or protection, including attorney-client privilege or the work-product doctrine, in this action or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply. If a producing Party identifies a production that it claims is privileged or protected, it shall notify the receiving Party in writing. Within five business days of receiving such notification, the receiving Party must return, sequester, or destroy all copies of the specified privileged information and provide certification of such return or destruction to the producing Party, unless the receiving Party contests the privilege claim by filing a motion with the court. The receiving Party shall not assert or use the fact of production or the contents of the

disclosed information to argue that a waiver has occurred, nor shall the receiving Party disclose the contents of the material to any third party not bound by this order prior to resolving the privilege claim.

21. This Protective Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

22. This Protective Order shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this litigation except (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

23. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

24. Within 60 days after the final termination of this litigation by settlement or exhaustion of all appeals, all "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within 60 days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary,

(a) counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits; and (b) any person entitled to receive "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" may keep their own emails (both sent and received) that were generated in the course of this litigation that contain "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information." This Protective Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

25. If a Receiving Party is called upon to produce "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within 5 business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party 5 business days (if the time for compliance otherwise permits) to object to the production of such "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information," if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Protective Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

26. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

27. This Protective Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: September 24, 2026

**SAVLA PLLC**

By: */s/ Sandeep Savla*
Sandeep Savla (admitted *pro hac vice*)
Sean McMahon (admitted *pro hac vice*)
Michael Showalter (admitted *pro hac vice*)
110 East 59th Street, 22nd Floor
New York, New York 10022
Tel: (212) 461-2579
ssavla@savlalaw.com
smcmahon@savlalaw.com
mshowalter@savlalaw.com

**NORTON ROSE FULBRIGHT US LLP**
Andrew Skroback (BBO #567863)
1301 Avenue of the Americas
New York, New York 10019-6022
Tel: (212) 318-3000
andrew.skroback@nortonrosefulbright.com

**BAKER BOTTS L.L.P.**

By: */s/* Thomas E. O'Brien
Jamie R. Lynn (Bar No. 667350)
jamie.lynn@bakerbotts.com
700 K Street, NW
Washington, DC 20001
Telephone: (202) 639-7786
Thomas E. O'Brien (admitted *pro hac vice*)
tom.obrien@bakerbotts.com
Charles Strecker (admitted *pro hac vice*)
charles.strecker@bakerbotts.com
Shelby Saxon (admitted *pro hac vice*)
shelby.saxon@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500

**So Ordered.**

Dated: ____________________

____________________
F. Dennis Saylor IV
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| KYNDRYL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION and DXC TECHNOLOGY COMPANY,<br><br>Defendants. | Civil Action No.: 1:25-cv-13943-FDS |

**AGREEMENT WITH RESPECT TO**
**<u>CONFIDENTIAL INFORMATION</u>**

I, ____________________________________________, state that:

1. My address is ____________________________________________________________.

2. I have received a copy of the Order for the Exchange and Production of Confidential Information ("Protective Order") entered in the above-entitled action on ________________________.

3. I have read and understand the provisions of the Protective Order.

4. I will comply with all of the provisions of the Protective Order.

5. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any "Confidential Information" or "Highly Confidential — Attorney's Eyes-Only Information" that is disclosed to me.

6. I will return all "Confidential Information" or "Highly Confidential — Attorney's Eyes Only Information" that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from

whom I received the “Confidential Information” or “Highly Confidential — Attorney’s Eyes Only Information.”

7. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Dated: ____________________ ___________________________